**PATTERSON–SARGENT CO. v. BRADLEY–WISE PAINT CO.**

(Court of Appeals of District of Columbia. Submitted November 11, 1926. Decided December 6, 1926.)

No. 1884.

1. **Trade-marks and trade-names and unfair competition** ⬅43—**Pictures and slogans, as trade-marks for paint products, held not so similar as to preclude registration of one.**

Registration of trade-mark, consisting of paint can with man in civilian clothes lifting lid and peering into can, with slogan, "Look Into It," *held* not to preclude another's registration of mark, consisting of open bucket of paint having painter in workman's clothes carrying brush standing in bucket, the whole surrounded by a red ring, with a slogan, "Service in Every Can," or the word "Bradley's"; there being no sufficient similarity to cause confusion.

2. **Trade-marks and trade-names and unfair competition** ⬅43—**Registration of trade-mark, including figures of paint can and man, does not preclude another's use of same figures, without deceptive imitation.**

Registration of trade-mark, consisting of man in civilian clothes lifting lid of paint can and peering into it, *held* not to preclude registration by another of trade-mark, consisting of figures of paint can and man, if done without deceptive imitation.

Appeal from Commissioner of Patents.

Application for registration of trade-mark by the Bradley-Wise Paint Company, opposed by the Patterson-Sargent Company. From a decision of the Commissioner of Patents, dismissing opposition, opposer appeals. Affirmed.

E. R. Alexander, of Cleveland, Ohio, for appellant.

A. J. Fihe, of Chicago, Ill., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. [1] This is an appeal from a decision of the Commissioner of Patents, granting appellee's application for a registration of its trade-mark over the opposition of the appellant.

The goods of the respective parties are of the same character, to wit, paints, varnishes, enamels, oils, stains, etc. The appellee's application was filed on October 12, 1923; use being claimed since April, 1921. The opposer's mark was in use as early as the year 1907, and was the subject of several registrations in that year. The sole question in the case is whether the appellee's mark is so similar to the appellant's prior registrations as to be likely to cause confusion in trade. Upon that issue there are concurring decisions of the Patent Office in favor of the appellee.

The marks in question are aptly described in the Commissioner's decision as follows:

"The applicant seeks registration of two trade-marks, both including a representation of a bucket of paint, open and having a painter in workman's clothes, carrying a paint brush in one hand, standing in the bucket. Across the side of the bucket appears the word 'Bradley's' and a second smaller representation of the mark. The representation of the workman, or painter, is surrounded by a ring. The background within the ring is colored red, as indicated by the specimens. One of the applications for registration differs from the other only in having the slogan, 'Service in Every Can,' appear on the face of the ring about the painter or workman.

"Opposer has registered its mark, and it comprises a paint can having a lid thereon, together with a picture of a man in civilian clothes lifting one edge of the lid and peering into the can. There is an accompanying slogan, 'Look Into It,' printed below the can. On the side of the can appears a ring of white, having the name of the opposer company printed on the face of the ring, together with the cities in which such company presumably has offices or distributing plants. Within this white ring are the letters 'B P S' upon an orange background."

[2] We agree with the view that these marks are not sufficiently similar in appearance as to be likely to cause confusion in trade or commerce. It is true that the figures of a paint can and a man are conspicuous parts of each mark; but their relative positions, together with the dissimilar attitudes and clothing of the men, produce an effect of contrast, rather than resemblance. Notwithstanding the prior registration by appellant, the appellee had the right to use the figures of a paint can and a man as part of its mark,

provided this be done without deceptive imitation of the appellant's mark.

We think that an inspection of the competing marks is sufficient authority for the conclusion that appellee's mark falls within that right. The testimony of the several witnesses examined by appellant is not sufficient to overcome this conclusion.

The decision of the Commissioner of Patents is affirmed.